1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   GERALD PILMAN,                          No.  2:20-CV-1771-WBS-DMC-P

12                  Petitioner,

13          v.                                <u>FINDINGS AND RECOMMENDATIONS</u>

14   R. FISHER,

15                  Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Respondent's

19   unopposed motion to dismiss the petition as untimely.  <u>See</u> ECF No. 12.

20

21                          **I.  BACKGROUND**

22          Petitioner was convicted of second-degree robbery, attempted second-degree

23   robbery, and evading police.  <u>See</u> ECF No. 13-1.  A sentencing enhancement was found to be true

24   and Petitioner was sentenced to a determinate state prison term of 14 years 8 months.  <u>See</u> <u>id.</u>

25   Petitioner did not appeal.

26   / / /

27   / / /

28   / / /

Petitioner filed the following state court post-conviction actions:

First Action     Filed in the Sacrament County Superior Court on September 7, 2018.  <u>See</u> ECF No. 13-2

Denied on November 30, 2018.  <u>See</u> ECF No. 13-3.

Second Action     Filed in the Sacramento County Superior Court on May 4, 2019.  <u>See</u> ECF No. 13-4.

Denied on June 11, 2019.  <u>See</u> ECF No. 13-5.

Third Action     Filed in the California Court of Appeal on July 18, 2019. <u>See</u> ECF No. 13-6.

Denied on July 25, 2019.  <u>See</u> ECF No. 13-6.  <u>See</u> ECF No. 13-7.

Fourth Action     Filed in the California Supreme Court on September 1, 2019.  <u>See</u> ECF No. 13-8.

Denied on December 18, 2019.  <u>See</u> ECF No. 13-9.

Fifth Action     Filed in the Sacramento County Superior Court on March 8, 2020.  <u>See</u> ECF No. 13-10.

Denied on June 12, 2020.  <u>See</u> ECF No. 13-11.

Petitioner's federal petition was filed on August 13, 2020.  <u>See</u> ECF No. 1.

## II.  DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  <u>See</u> 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  <u>See</u> 28 U.S.C. § 2244(d)(1).

/ / /

/ / /

/ / /

1        Where a petition for review by the California Supreme Court is filed and no

2   petition for certiorari is filed in the United States Supreme Court, the one-year limitations period

3   begins running the day after expiration of the 90-day time within which to seek review by the

4   United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

5   Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year

6   limitations period begins to run the day after certiorari is denied or the Court issued a merits

7   decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for

8   review by the California Supreme Court is filed, the conviction becomes final 40 days following

9   the Court of Appeal's decision, and the limitations period begins running the following day.  See

10  Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the

11  conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the

12  limitations period begins running the following day.  See Cal. Rule of Court 8.308(a).  If the

13  conviction became final before April 24, 1996 – the effective date of the statute of limitations –

14  the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v.

15  Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

16        The limitations period is tolled, however, for the time a properly filed application

17  for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be

18  "properly filed," the application must be authorized by, and in compliance with, state law.  See

19  Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.

20  DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a

21  state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions

22  and the failure to comply with those time limits precludes a finding that the state petition is

23  properly filed).  A state court application for post-conviction relief is "pending" during all the

24  time the petitioner is attempting, through proper use of state court procedures, to present his

25  claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered

26  "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549

27  U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari

28  petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between

3

1   state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,

2   536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as

3   untimely, the federal court must independently determine whether there was undue delay.  See id.

4   at 226-27.

5           There is no tolling for the interval of time between post-conviction applications

6   where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183

7   F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no

8   tolling for the period between different sets of post-conviction applications.  See Biggs v.

9   Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct

10  review and the filing of a state post-conviction application does not toll the limitations

11  period. See Nino, 1983 F.3d at 1006-07.

12      A.      **The Limitations Period Begins**

13          Respondent contends:

14          A state prisoner challenging his custody has one year to file his
            federal petition from the date on which the judgment became final by the
15          conclusion of direct review, or the expiration of the time for seeking such
            review. 28 U.S.C. § 2244(d)(1)(A). (footnote omitted).
16          Judgment was entered against Petitioner on March 22, 2018. (Lod.
            Doc. 1.) The state appeal process became "final" within the meaning of §
17          2244(d)(1)(A), when the sixty-day time period for filing an appeal
            expired, on May 21, 2018. Cal. R. Ct. 8.308(a); *Stancle v. Clay*, 692
18          F.3d 948, 951 (9th Cir. 2012) (citing Cal. R. Ct. 8.308(a)); *Mendoza v.
            Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006). The one-year limitation
19          period commenced running the following day—May 22, 2018. *Patterson
            v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P.
20          6(a)). Thus, the last day to file a federal petition was on May 21, 2019,
            unless the limitation period was tolled.
21
22          ECF No. 12, pg. 3.

23          Here, Petitioner did not appeal his conviction and sentence.  Thus, as Respondent

24  notes, Petitioner's conviction became final 60 days following conclusion of proceedings in the

25  trial court, or on May 21, 2018.  The one-year limitations period for filing a federal petition began

26  to run the following day – May 22, 2018.

27  / / /

28  / / /

4

**B.** **The Limitations Period is Tolled**

Respondent concedes Petitioner is entitled to statutory tolling for the time his first state court post-conviction action was pending – September 17, 2018, through November 30, 2018, or 75 days).  See ECF No. 12, pg. 5.  Respondent argues Petitioner is not entitled to any tolling for the time his second state court action was pending because it was not properly filed in the next higher state court.  See id.  As to the third and fourth state court actions, Respondent contends Petitioner is not entitled to any statutory tolling because he unreasonably delayed 229 days in filing following the trial court's denial of his first post-conviction action.  See id. at 5-6.  Respondent presents no argument concerning the effect, if any, on the fifth state court post-conviction action filed in the trial court.

1.     Second State Court Action

The Court agrees that the second state court post-conviction action was not properly filed.  As with the first state court action, the second state court action was filed in the trial court and raised the same claims.  Thus, the second action was duplicative under state law. See In re Clark, 5 Cal. 4th 750 (1993).  Petitioner is not entitled to any tolling for the time the second state court action was pending, see Pace, 544 U.S. at 414-15, or for the time between the first and second actions because Petitioner was not moving to the next higher level of state court review, see Nino, 183 F.3d at 1006-07.

2.     Third and Fourth State Court Actions

As Respondent observes, because the second state court action was not properly filed, it is as if it never existed.  See Lakey v. Hickman, 633 F.3d 782, 785-86 (9th Cir. 2011). The Court, therefore, looks to the time between denial of the first state court action and the filing of the third state court action to determine whether there was an unreasonable delay.  The first state court action was denied on November 30, 2018, and the third action was filed 229 days later on July 18, 2019.  Respondent argues this delay falls outside the safe harbor of 120 days allowed under state law and, as a result, is unreasonable.  Petitioner has not responded. The Court agrees with Respondent that the delay at issue is unreasonable.  See Robinson v. Lewis, 9 Cal. 5th 883 (2020).

Because the third action was filed after a 229-day delay, it was not properly filed and, therefore, for purposes of statutory tolling, it is as if the third petitioner does not exist. If the third petition does not exist, the fourth petition is defective for two reasons. First, it was filed after the third petition thus making the delay between the first and fourth petitions even longer than 229 days and, thus, also unreasonable. Second, the first petition was filed in the trial court and the fourth petition was filed in the California Supreme Court, which is not the next higher state court of appellate review. Petitioner is not entitled to tolling for any of the time between denial of the first action and filing of the third action, for any of the time the third action was pending, for the interval between the third and fourth actions, or for the time the fourth action was pending.

### 3.     Fifth State Court Action

The Court addresses the tolling effect, if any, of the fifth state court action even though Respondent makes no argument as to that action. The Court finds that the fifth action does not result in any additional tolling. First, the fifth action was filed in the trial court, as was the first action. Therefore, there is no tolling for the interval between the two actions because Petitioner was not proceeding to the next highest state court level of review. Second, the delay between denial of the first action in November 2018 and the filing of the fifth action in March 2020 is unreasonable under state law. Thus, the fifth action was not properly filed for purposes of statutory tolling.

### C.     **The Limitations Period Ends**

According to Respondent:

> As explained, the statute of limitation commenced on May 22, 2018. There were 118 days that passed between finality of direct review and the filing of the first state petition, 229 days that elapsed between the denial of the first state petition and the filing of the third state petition, and the limitation period expired 18 days later, on August 4, 2019, during the pendency of the improperly filed third state petition. Since Petitioner did not file his federal petition until August 13, 2020, he exceeded the one year allowed under 28 U.S.C. § 2244(d), by a little over one year.
>
> Petitioner's fifth state petition did not extend the limitation period because it was not filed until March 8, 2020, seven months after the August 4, 2019 expiration of the limitation period. (Lod. Doc. 10.) A petition filed after the limitation period cannot serve to extend the limitation period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.

2003) (finding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (concluding state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely).

ECF No. 12, pgs. 6-7.

As Respondent notes, 118 days passed between the date Petitioner's conviction became final on May 21, 2018, and the filing of the first state court post-conviction action on September 7, 2018. Respondent concedes Petitioner is entitled to tolling for the time the first action was pending, and the Court finds the second action was not properly filed because it was duplicative under state law. Another 229 days passed following denial of the first action on November 30, 2018, and the filing of the third state court post-conviction action on July 18, 2019.

By the time the third action had been filed, 347 days of the one-year limitations period had elapsed. The Court finds Petitioner is not entitled to any further statutory tolling. Because the instant federal petition was filed in August 2020 – more than a year after 347 days had already elapsed – the petition is untimely.

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 12, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 11, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7